UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>MIGUEL ANGEL VALDOVINOS,<br><br>          Defendant. | No.  2:02-cr-00355-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND DISCHARING OSC** |

Defendant Miguel Angel Valdovinos moves under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based upon the Sentencing Commission's passage of Amendment 782, which generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels. (Def.'s Mot., ECF No. 123.)

The government opposes Defendant's motion, arguing that "the defendant does not qualify for a sentence reduction." (Gov't Opp'n 3:21-22, ECF No. 128.) The government rejoins:

> On January 26, 2004, the defendant entered guilty pleas to Count Three and Four of the Indictment pursuant to a written plea agreement. PSR ¶ 1; Docket No. 105. Count Three charged him with Possession of a Firearm in Furtherance of a Drug Trafficking felony in violation of 18 U.S.C. § 924(c)(1). PSR ¶ 1. Count [Four] charged Possession of Equipment With Intent to Manufacture in violation of 21 U.S.C. § 843(a)(6). PSR ¶ 1. The plea agreement was offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure for a specific

1

sentence of 180 months in prison. PSR ¶ 3; Ex. A at 2, ¶ I(B).

This Court held a sentencing hearing on May 14, 2004. Docket No. 115. Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared. The PSR described the offense conduct and offender characteristics. PSR ¶¶ 9-24, 40-48. The Probation Officer found that the defendant was responsible for 11.04 kilograms of methamphetamine. PSR ¶ 31. This resulted in a base offense level of 36. PSR ¶ 31. The PSR calculated a criminal history category III. PSR ¶ 47. After a two-level reduction for acceptance of responsibility, the total offense level was 34, Criminal History Category III, with a resulting guidelines range of 188 to 235 months in prison. PSR ¶¶ 61-62. The PSR noted, however, that the statutory maximum of 10 years became the guideline range on Count Four because the applicable guideline range exceeded Count Four's statutory maximum. PSR ¶ 62. The PSR further noted that a mandatory minimum consecutive sentence of at least 5 years applied to Count Three. PSR ¶¶ 29, 61.

At sentencing, the Court adopted the PSR without changes. Docket No. 117; J&C Order, Statement of Reasons, page 1. Consistent with the PSR, the Court found an offense level of 34, criminal history category III, but the guideline range became the statutory maximum of 120 months in prison on Count Four, and a mandatory consecutive sentence of 60 months on Count Three. Docket No. 117; J&C Order, Statement of Reasons, page 1. The Court imposed a sentence of 180 months in prison. Docket No. 117; J&C Order, at page 2. This sentence consisted of 120 months in prison imposed on Count Four, and a consecutive sentence of 60 months imposed on Count Three. Docket No. 117; J&C Order, at 2.

. . . .

As discussed below, defendant's sentencing range has not changed [following passage of Amendment 782] because, even with the benefit of a two-level reduction in his base offense level, his guidelines range remains the statutory maximum of 120 months in prison on Count Four and he is still subject to a mandatory consecutive sentence

of 60 months on Count Three.

A sentence reduction is not consistent with U.S.S.G. § 1B1.10 if "[a]n amendment ... does not have the effect of lowering the defendant's applicable guideline range." Where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (finding final sentencing range unchanged due to the operation of grouping rules). Under the current version of § 2D1.1, the defendant's base offense level (based upon responsibility for 11.04 kilograms of methamphetamine) is now 34, instead of 36. U.S.S.G. § 2D1.1(c)(3) (setting offense level 34 for crimes involving at least 5 kilograms and 15 kilograms of methamphetamine); see PSR ¶ 31 (attributing 11.05 kilograms of methamphetamine to defendant). Applying the same two-level reduction for acceptance of responsibility applied at the original sentencing, and a criminal history category III, defendant's guidelines range after Amendment 782 is 151 to 188 months in prison. Because the statutory maximum on Count Four is 120 months in prison, defendant's guidelines range remains 120 months on Count Four. Moreover, the mandatory consecutive sentence of 60 months on Count Three is unaffected by Amendment 782, and thus still applies. Thus, defendant's guidelines range remains the same today as it was during his original sentencing. As a result, pursuant to U.S.S.G. § 1B1.10, the defendant is ineligible for relief because Amendment 782 did not have the effect of lowering his applicable guideline range. Leniear, 574 F.3d at 673-74. Accordingly, the defendant's motion for a sentence reduction should be denied because he is not eligible for relief.

(Id. at 1:3-3:2, 3:25-4:18 (alteration in original with the exception of the first use of brackets) (footnote omitted).)

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th

1   Cir. 2007)).

2   　　　　However, 18 U.S.C. § 3582(c)(2) creates an
3   exception to this rule by allowing
    modification of a term of imprisonment if:
4   **(1) the sentence is "based on a sentencing
    range that has subsequently been lowered by
5   the Sentencing Commission";** and (2) "such a
    reduction is consistent with applicable
6   policy statements issued by the Sentencing
    Commission."

7   Id. (emphasis added) (quoting 18 U.S.C. § 3582(c)(2)).

8   　　　　Defendant has not shown that his sentence was based on

9   a sentencing range that has subsequently been lowered by the

10  Sentencing Commission. Therefore, 18 U.S.C. § 3582(c)(2) is

11  inapplicable and cannot be used to lower his sentence.

12  Accordingly, Defendant's motion for reduction of sentence is

13  DENIED.

14  　　　　Further the OSC issued to the United States Attorney on

15  February 17, 2016 is discharged.

16  Dated:  February 22, 2016

17

18  　　　　　　　　_____
19  　　　　　　　　GARLAND E. BURRELL, JR.
    　　　　　　　　Senior United States District Judge
20

21

22

23

24

25

26

27

28